## In re JABLIN.

(District Court, E. D. New York. February 27, 1912.)

1. BANKRUPTCY (§ 250*)—WITHHELD ASSETS—EVIDENCE—INABILITY OF BANKRUPT.

Evidence that by reason of a bankrupt's abject poverty he would be unable to comply with an order requiring him to surrender alleged withheld assets to his trustee could be considered by the commissioner in testing the bankrupt's honesty and good faith in determining the issue whether assets had been in fact withheld.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 250.*]

2. BANKRUPTCY (§ 250*)—WITHHELD ASSETS—EVIDENCE.

Evidence *held* to sustain a commissioner's finding that assets of a bankrupt had not been unlawfully withheld, as alleged in a creditor's petition to compel surrender thereof to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 250.*]

In the matter of bankruptcy proceedings of Isaac Jablin. Petition to review a referee's order dismissing proceedings to compel the bankrupt to turn over alleged withheld assets amounting to $3,425. Affirmed.

Richard Cohn (Max Meyer, of counsel), for bankrupt.
Archibald Palmer, for trustee.

CHATFIELD, District Judge. Certain creditors have instituted a proceeding to compel the bankrupt to turn over the sum of $4,007.43, alleged to have been concealed by him in contemplation of bankruptcy and to be still within his control. The amount of their demand is now modified to the figures to accord with the details of the testimony taken upon the reference, viz., the sum of $3,425. The issue as raised by the bankrupt's denial was referred to a special commissioner, who

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has reported that the motion should be denied. He bases this, both upon the appearance of the witnesses and the testimony given before him, from which he decides as a question of fact that the bankrupt has not been conclusively shown to have had in his possession any substantial amount of property which he has not accounted for, even though his testimony with relation thereto has been unsatisfactory and difficult to pass upon, through his poor knowledge of the English language and lack of education and intelligence.

[1] The commissioner also based his conclusion upon the present financial condition of the bankrupt and his family, as evidenced by the abject poverty in which they have been living since this proceeding was started. In this the commissioner has referred to the inability of the bankrupt to comply with any order, as if the proceeding were to punish the bankrupt for contempt for failure to comply with the court's order, rather than to determine whether an order should be made. But in so far as the commissioner used this testimony as to the financial condition of the bankrupt in testing the honesty and good faith of the bankrupt's statements, his conclusions would seem to be correct. The whole matter is a question of fact, and as to this the commissioner has formed an opinion well fortified by testimony.

[2] A certain amount of money was derived by the bankrupt from insurance paid after a fire upon a settlement with the insurance companies for less than one-half the claimed loss. This amount, like some of the debts owed to the bankrupt's family, appears to have been used by the bankrupt's brother and other of his relatives in an attempt to save what they might from the bankruptcy proceedings. But even if some of these claims should be disallowed, and even if the bankrupt has been to a certain extent a party to bolstering up claims that did not arise in the way in which they are said to have occurred, nevertheless the mere conduct of the bankrupt and of his relatives upon the hearing or the proving of claims does not prove that property existed prior to the bankruptcy, more than what has been brought out in the proceedings.

The well-known rule that the testimony of a witness may be held entirely unworthy of belief, if it be proven false or untrustworthy with respect to some material fact as to which the witness had knowledge, might have been invoked by the special commissioner, if he had found that the testimony as to the nonexistence of assets was not credible or satisfactory. But, on the other hand, if the special commissioner is satisfied that the sum realized from the insurance is the only property of substantial amount which the bankrupt failed to give an account of or turn over to his creditors, then his finding should not be disturbed, and the additional finding that the bankrupt would in all likelihood be unable to turn over anything, if ordered, and hence that he would have to be released upon any possible contempt proceedings, furnishes by itself a reason why the court need not go into the details of the issue referred in order to see if the opinion of the court would have been the same in all respects as that expressed by the special commissioner who heard the witnesses. It has nevertheless been necessary for the court to make an examination of the testi-

mony and exhibits, and these, coupled with the special commissioner's opinion of the witnesses themselves, would seem to be ample justification for the conclusion reached by the commissioner.

The report will be confirmed.